PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JERRY BROWN, | ) |
| | ) CASE NO. 4:20-CV-2523 |
| Plaintiff, | ) |
| | ) |
| v. | ) JUDGE BENITA Y. PEARSON |
| | ) |
| ANNETTE CHAMBERS-SMITH, | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| Defendant. | ) [Resolving ECF Nos. 1 and 3] |

*Pro se* Plaintiff Jerry Brown, an Ohio prisoner incarcerated in the Northeast Ohio Correctional Center (NEOCC),[1] has filed a civil rights Complaint pursuant to 42 U.S.C. § 1983 against Ohio Department of Rehabilitation Correction Director Annette Chambers-Smith. ECF No. 1. For the reasons stated below, the action is dismissed.

**I. Background**

Plaintiff seeks "immediate release" to home confinement and other relief, including preliminary injunctive relief, on the basis that the Defendant's "actions and inactions" in response to the COVID-19 pandemic in Ohio prisons have failed to provide him safety from COVID-19 in violation of his constitutional rights. *Id.* at PageID #: 16, ¶¶ 61, 62. Plaintiff acknowledges the Defendant has implemented safety procedures in Ohio's prisons in response to the COVID-19 pandemic, including hand washing, face masks, and quarantine after symptoms

---

[1] At the time the incident occurred, Plaintiff was an inmate at NEOCC. According to the Ohio Department of Rehabilitation and Corrections website (https://appgateway.drc.ohio.gov/OffenderSearch/Search/Details/A246629 (last accessed July 21, 2021)), he was subsequently transferred to the Chillicothe Correctional Institution.

(4:20-CV-2523)

are present. *Id.* at PageID #: 15, ¶ 57. But, he contends, the "safety plan" implemented by Defendant is not sufficient "to provide a safe environment for prisoners and employees." *Id.* at PageID #: 7-8, ¶ 28. He contends Defendant has been deliberately indifferent to inmate health and safety, and has violated the constitutional guarantee of equal protection, because she has failed to implement "wide spread testing" for COVID-19 in Ohio's prisons and has "grossly failed to reduce the prison population" through available means, including through "Emergency Repreve [sic]" release through the Adult Parole Authority. *Id.* at PageID #: 8, ¶¶ 28-30.

Plaintiff pleads three causes of action: (1) violation of the Eighth Amendment to the U.S. Constitution; (2) violation of Article I, Section 9 of the Ohio Constitution; and (3) violation of the Equal Protection Clause of the Fourteenth Amendment to the U.S. Constitution. *Id.* at PageID #: 13-15.

Plaintiff seeks preliminary injunctive relief ordering his immediate release to home confinement under the supervision of Adult Parole Authority, that all inmates and staff in Ohio correctional institutions be tested for COVID-19, that the "criteria for Emergency Repreve [sic] of the APA Parole Board" be loosened, and $50,000 in punitive damages. *Id.* at PageID #: 16-17, ¶¶ 62-67.

Plaintiff has filed Motions to Proceed *In Forma Pauperis* (ECF No. 2) and for Appointment of Counsel (ECF No. 3).

## II. Standard of Review

Plaintiff's Motion to Proceed *In Forma Pauperis* (ECF No. 2) has been granted by separate order. Therefore, because he is proceeding *in forma pauperis* and is seeking redress

2

(4:20-CV-2523)

from a government employee, his Complaint is now before the Court for initial screening under 28 U.S.C. §§ 1915(e)(2) and 1915A. Those statutes require a federal district court to review all *in forma pauperis* complaints and all complaints in which a prisoner seeks redress from a government officer or employee, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). A court must read a *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept its factual allegations as true unless clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive a dismissal for failure to state a claim, a *pro se* complaint must contain allegations, accepted as true, to state a claim to relief that is plausible on its face. *Hill*, 630 F.3d at 471 (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for motions to dismiss under Fed. R. Civ. P. 12(b)(6) governs dismissals for failure to state a claim under 28 U.S.C. §§ 1915(e)(2) and 1915A).

### III.  Analysis and Law

Upon review, the Court finds that the Complaint must be dismissed.

First, with respect to all of Plaintiff's claims, it is well-established that relief in a civil rights action is not available where a prisoner seeks immediate or speedier release from his incarceration. In such a situation, a prisoner's sole federal remedy is a petition for writ of *habeas corpus*. See *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The Complaint fails to state a

(4:20-CV-2523)

plausible civil rights claim under § 1983 to the extent the Plaintiff is seeking immediate release from his incarceration to home confinement.

Additionally, however, the Complaint fails to allege a plausible federal constitutional claim upon which the Plaintiff may be granted relief, even to the extent he may be seeking relief that is available in a civil rights action.

### A. Eighth Amendment

Prison conditions are subject to constitutional scrutiny under the Eighth Amendment to the U.S. Constitution, but in order for a prisoner to make out a constitutional claim of cruel and unusual punishment, he must demonstrate that he was subjected to an objectively serious prison condition as to which a defendant prison official acted with subjective "deliberate indifference." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). A prisoner must demonstrate that a prison official "knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." *Farmer v. Brennan*, 511 U.S. 825, 847 (1994). An official may not be held liable if he responded reasonably to a known risk, even if the harm ultimately was not averted. *Id.* at 826.

The Complaint does not allege a plausible Eighth Amendment claim.

Plaintiff acknowledges that Defendant has taken actions in response to COVID-19 pandemic and has implemented a "safety plan." In *Wilson v. Williams*, 961 F.3d 829 (6th Cir. 2020), the Sixth Circuit examined the conditions at the Federal Correctional Institution at Elkton and concluded that a class of medically vulnerable inmates was not likely to succeed on the merits of an Eighth Amendment claim where the federal Bureau of Prisons (BOP) implemented

4

(4:20-CV-2523)

similar measures to those Plaintiff alleges Defendant implemented in Ohio prisons, including screening inmates for symptoms, educating staff and inmates about the virus, cancelling visitation, quarantining new inmates, providing masks, and implementing regular cleaning procedures while striving to expand testing. *Id.* at 841. On such facts, the Sixth Circuit found that "the BOP responded reasonably to the known, serious risks posed by COVID-19 to petitioners at Elkton." *Id.* at 840. The Court also found that given the BOP's "measures to prevent the spread of COVID-19," its "failure to make robust use of transfer, home confinement, or furlough," including for medically vulnerable inmates, did not constitute deliberate indifference. *Id.* at 844.

The Sixth Circuit's reasoning in *Wilson* is dispositive here. Although Plaintiff disagrees with the sufficiency of the actions Defendant has taken and wants more to be done in response to the coronavirus in Ohio prisons, he has not alleged facts sufficient to demonstrate she acted with constitutional "deliberate indifference" in light of the actions she took. *See id.*; *see also Johnson v. Chambers-Smith,* No. 4: 20 CV 1361, 2021 WL 308100, at *1 (N. D. Ohio Jan. 29, 2021) (Pearson, J.) and *Williams-Bey v. Smith*, No. 20 CV 828, 2020 WL 1954140, at *1 (N. D. Ohio, Apr. 23, 2020) (both dismissing § 1983 actions alleging deliberate indifference in connection with COVID-19 circumstances in Ohio prisons).

### B. Equal Protection

The Complaint also does not allege a plausible equal protection claim. Plaintiff does not allege he is a member of a suspect class or that he was treated less favorably than a similarly-situated inmate without a rational basis. *See Ctr. for Bio-Ethical Reform, Inc. v. Napolitano*, 648

5

(4:20-CV-2523)

F.3d 365, 379 (6th Cir. 2011) ("To state an equal protection claim, a plaintiff must adequately plead that the government treated the plaintiff disparately as compared to similarly situated persons and that such disparate treatment either burdens a fundamental right, targets a suspect class, or has no rational basis.") (citation and internal quotation marks omitted).

### C. Ohio Constitution Claim

In addition to his federal claims, Plaintiff alleges a claim under Article I, Section 9 of the Ohio Constitution. ECF No. 1 at PageID #: 15. "The Ohio Constitution, Article 1, Section 9, contains its own prohibition against cruel and unusual punishment," which "provides protection independent of the protection provided by the Eighth Amendment." *State v. Blankenship*, 48 N.E.3d 516, 523 (Ohio 2015). The above analysis regarding Plaintiff's Eighth Amendment claim is, therefore, not dispositive of his state-law claim.

Even liberally construed, the Court has determined that the Complaint fails to plausibly state any federal claims, and those claims are subject to summary dismissal under § 1915(e)(2). To the extent the Complaint alleges a state law claim, the Court's supplemental jurisdiction over that claim is governed by 28 U.S.C. § 1367(c). The statute contains an express provision that permits the Court to decline supplemental jurisdiction over a state law claim when the Court has dismissed all of the claims over which the Court has original jurisdiction. 28 U.S.C. § 1367(c)(3). All of Plaintiff's federal claims have been dismissed, and there appears to be no basis for diversity jurisdiction pursuant to 28 U.S.C. § 1332. *See* ECF No. 1 at PageID #: 5 (identifying both Plaintiff and Defendant as Ohio citizens).

(4:20-CV-2523)

Accordingly, the Court declines to exercise supplemental jurisdiction over any state law claim that may be asserted in the Complaint. Plaintiff's state law claim is dismissed without prejudice. *See Saglioccolo v. Eagle Ins. Co.*, 112 F.3d 226, 233 (6th Cir. 1997) (noting that a district court may decline to exercise supplemental jurisdiction over state-law claims once it has dismissed all claims over which it possessed original jurisdiction).

### IV. Conclusion

For all of the foregoing reasons, the Complaint (ECF No. 1) fails to state a plausible federal claim upon which the Plaintiff may be granted relief, and those claims are dismissed in accordance with 28 U.S.C. §§ 1915(e)(2) and 1915A. The Court declines to exercise jurisdiction over Plaintiff's state law claim, and that claim is dismissed without prejudice. Plaintiff's Motion for Appointment of Counsel (ECF No. 3) is denied. Appointment of counsel is justified only by exceptional circumstances not present here. *See Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993) (appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous "or when the chances of success are extremely slim"). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

The Clerk of Court is directed to serve a copy of this Order on Plaintiff Jerry Brown, Inmate #A246-629, at his new facility, Chillicothe Correctional Institution, 15802 State Route North 104, Chillicothe, OH 45601.

IT IS SO ORDERED.

| July 21, 2021 | */s/ Benita Y. Pearson* |
|---|---|
| Date | Benita Y. Pearson |
| | United States District Judge |